{¶ 56} I concur in the majority's analysis and disposition of appellant's first and fifth assignments of error.
 {¶ 57} I concur in the majority's disposition of appellant's second assignment of error. Although there is some material of record which suggests delay in bringing appellant to trial was the result of federal criminal charges against appellant, the record as it existed at the time of trial remains undeveloped as to the exact amount of delay attributable to appellant.
 {¶ 58} In the absence of a motion to dismiss for speedy trial, the State had no need to demonstrate whether any period of time was tolled under the statute. Despite the passage of nearly two years between service of the Indictment and commencement of trial demonstrating a prima facie violation of the rule, the same does not affirmatively establish a violation. Appellant's recourse is to file a petition for post-conviction relief, asserting ineffective assistance of counsel if his speedy trial argument has arguable merit. At that time, the State would have the opportunity to present evidence which supports tolling the statute. However, because the record before us does not affirmatively demonstrate a violation of the statute, I concur in the majority's decision to overrule the second assignment of error.
 {¶ 59} I further concur in the majority's disposition of appellant's third assignment of error. I do so solely because Blakely does not apply retroactively to cases not on direct review. Because Blakely was decided on June 24, 2004, and appellant's original direct appeal was decided on March 8, 2004, appellant cannot claim appellate counsel was ineffective for failing to present a Blakely argument since Blakely had not yet been decided.
 {¶ 60} I respectfully dissent from the majority's disposition of appellant's fourth assignment of error. Appellant had the right to terminate the services of his retained counsel. However, whether appellant desired new counsel or to proceed pro se is unclear because the trial court thwarted any further inquiry by advising appellant the court was not going to play "musical lawyers".
 {¶ 61} The majority remands this assigned error for further inquiry as to appellant's claim of unsatisfactory counsel. If the trial court finds appellant's dissatisfaction unfounded, the majority directs the trial court to re-enter judgment and sentence. I presume the corollary also would apply. If the trial court finds appellant's dissatisfaction is founded, a new trial is in order. I find such further inquiry unnecessary.
 {¶ 62} Though appellant indicated he wanted to fire his retained counsel, he did not request an opportunity to retain new counsel or be appointed new counsel. More significantly, appellant never requested to exercise his right to represent himself. In the absence of either, appellant must demonstrate he was prejudiced as a result of the denial of his right to terminate the services of his retained counsel. The record before us does not demonstrate prejudice and therefore I would overrule this assignment of error rather than remanding the issue to the trial court. Appellant's remedy, if any, for his dissatisfaction with his counsel is to assert non-record claims of ineffective assistance through post-conviction relief proceedings.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between appellant and the State of Ohio.